UNITED STATES DISTRICT COURT
Southern District of FLORIDA

GARY R. Riess

Plaintiff

    VS.

CASE NO: 25-CV-80268
"HON: GAYLES
AMENDED COMPLAINT"

PAIM Beach Sheriff office ie AL.
~~████~~ ~~████████~~
ZACHARY M. HAll
Sean M. MAlynn
GARReT M. BECHtel
Justin Tolbert
ANDrew Starr
Jerrie R. Obray
Deputy LAMARA
Sgt. White
AlexANDra
WellpAtH medical Dept.

FILED BY ⊠ D.C.

MAR 27 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

COMPLAINT FOR VIOlATION OF
CiViL Rights

(PRiSONER COMPlAinT)
pg 1 of 23

I. The Parties to this Complaint

A. The plaintiff

Name: Gary R. Riess

ID Number: 0531835

Current institution: Palm Beach County Jail
Address: Main Detention Center
P.O. Box 24716
West Palm Beach, FL. 33416

B. The Defendant's

Defendant No. 1
Name: Palm Beach Sheriff's office
is employed as:
~~_____~~:
Employer: Palm Beach Sheriff's office
Address: Main Detention Center
3228 gun club Road
West Palm Beach, FL. 33416

☐ individual capacity   ☒ official capacity

Defendant No. 2
Name: Zachary M. Hall
is employed as: Deputy ID #29819
Employer: Palm Beach Sheriff's office
Address: Main Detention Center
3228 gun club road
West Palm Beach, FL. 33416

☒ individual capacity   ☒ official capacity

pg 2 of 23

Defendant No. 3
Name: Sean m. Malynn
is employed As: Deputy, ID # 29819
Employer: Palm Beach Sherriff's Office
Address : Main Detention Center
 3228 Gun Club Road
 West Palm Beach, FL. 33416

☒ Individual Capacity    ☒ Official Capacity

Defendant No. 4
Name: Garret m. Bechtel
is employed As: K9 Deputy, ID # 9216
Employer: Palm Beach Sherriff's Office
Address: Main Detention Center
 3228 Gun Club Road
 West Palm Beach, FL. 33416

☒ Individual Capacity    ☒ Official Capacity

Defendant No. 5
Name: Justin Tolbert
is employed As: K9 Deputy, Supervisor, ID# 18338
Employer: Palm Beach Sherriff's Office
Address: Main Detention Center
 3228 Gun Club Road
 West Palm Beach, FL. 33416

☒ Individual Capacity    ☒ Official Capacity

Pg 3 of 23

## Defendant No. 6

NAME: ANDREW STARR

is employed AS: Deputy Supervisor, ID # 29001

Employer: PAlm Beach Sheriff's office

ADDRESS: MAIN Detention Center

3228 Gun Club Road

West PAlm Beach, FL, 33416

☒ INDIVIDUAL CAPACITY     ☒ OFFICIAL CAPACITY

## Defendant No. 7

NAME: Jerrie R. Obray  ~~#~~

is employed AS: Deputy  ID # 6250

Employer: PAlm Beach Sheriff's office

ADDRESS: MAIN Detention Center

3228 Gun club Road

West PAlm Beach, FL. 33416

☒ INDIVIDUAL CAPACITY     ☒ OFFICIAL CAPACITY

## Defendant No. 8

NAME: LAMARA

is employed AS: Deputy, ID # UNKNOWN

Employer: PAlm Beach Sheriff's office

ADDRESS: MAIN Detention Center

3228 Gun club Road

West PAlm Beach, FL. 33416

☒ INDIVIDUAL CAPACITY     ☒ OFFICIAL CAPACITY

Defendant No. 9

NAME:      White

is employed As: Sargeant, ID # Unknown

Employer: Palm Beach Sheriff's Office

Address:  Main Detention Center
          3228 Gun Club Road
          West Palm Beach FL. 33416

☒ INDIVIDUAL CAPACITY    ☒ OFFICIAL CAPACITY

Defendant No. 10

NAME: Alexandra

is employed As: medical physician

Employer: Wellpath medical Dept.

Address:  Main Detention Center
          3228 Gun Club Road
          West Palm Beach, FL. 33416

☒ INDIVIDUAL CAPACITY    ☒ OFFICIAL CAPACITY

Defendant No. 11

NAME: Wellpath medical Dept

is employed As: Care provider

Employer: Palm Beach Sheriff office

Address   Main Detention Center
          3228 Gun Club Road
          West Palm Beach, FL. 33416

☒ OFFICIAL CAPACITY

pg 5 of 23

All DefendanTS ACTED AND continue to ACT under color of State LAW AT All Times relevant to This ComplAinT.

II.      BASiS For Jurisdiction

A. Plaintiff is bringing against PAlm Beach County Sheriff's officials under a §1983 ClAim.

B. The federal constitutional claim(s) that are being violated by PAlm Beach County Sheriff's official is under the fourth Amendment unreasonable seizure clause Police excessive use of force, The Eighth AmendmenT under deliberate indifference Clause AND FourteentH AmendmenT under due process ClAuse For Deliberate inDifferance To serious medical Needs,
Fourteenth AmendmenT under due process clAuse For Failuer to intervein, Eight Amendment Cruel & uNUSAl. punishmenT

C. BivenS Does noT APPlY

D. All DefendanTS Acted and continue to Act under Color of STATE lAW by:

      The Actions of The PAlm Beach Sheriff office neglecting The Grievance procedures violaTed The Plaintiff's Due process Right's AND His Eight AmenDmenT/cruel and UNuSAl punishmenT in general Deliberate inDiferance To serious medical NeeDS.

The ACTIONS of DefendanT ZaChary m. HAll by ordering The Deployment of K.9 ATTack, AfTer Deputy's AnOunced The surrender of PlAintiff AND ThaT The PlAintiff WAS Coming out VIOlATED The plAintiff's Right under The Fourth AmendmenT Excessive force, FAiluer To intervein 8th and 14 AmendmenT Due Process, when The plAintiff ScreAmeD For Help and To please loosen CUFF.

The Action's of DefendanT Sean. m. mAlynn in using excessive force AgAinst the plaintiff without need OR provocation violating plAintiffs right's under the FourTH AmendmenT to U.S. constitution were The DefendanT PuncheD The PlAintiff in The FACE Knocking out / AND looseing several TeeTH, Hitting The plAintiff in The temple Area while The plAintiff WAS under Restraint by K9 Dog / AND while iN HAND CUFFS.

Sean m. mAlynn "FAiling to intervein" AgAinsT DepuTy Sheriff GArret m. Bechtel K-9 Deputy employment excessive use of Force Against The plaintiff Allowing The K-9 AttAck To go on 4-6 mintues, watching The plAintiff K9 Deputy plAy Tug-A-WAR with The plAintiff AND DOg. Allowing The plAintiff To be CUFFeD So Tight The inJury To wrist WAS in need OVER (10) STicHes From HAND CUFFS

The Actions of The defendanT Garret M. Bechtel in using excessive force Against the plaintiff without Need or provocation violateing plaintiffs right's under the fourth AmendmenT To U.S. constitution were DefendanT Deployed his K9 unit dog Subsequently biting plaintiff'S left fore Arm for Approximately 4-6 mintues. While pulling on The Dogs leasH playing tug-A-war while The K9 Dog was Biting the plaintiff The Deputy Further Punched The plaintiff in The FACE Knocking out A tooth, AND looseing several others.

The Dogs TooTH Broke off in the plAintiffs fore Arm Bone. Deputy Garret FURTHER HAND cuffed plAintiff so Tight that The HAND CUFFS inbeded so Deep causing The Need FoR Stiches causing The plaintiff To Exsperience serveR PAin, permanenT Numbness in his left foreArm, wrist and Fingers ARE PARTiAly PARALiZeD.

DefendanT Garret m. Bechtel Actions FAiling to intervene AgAinst Deputy sheriff SeAN m. MAlynn employmenT excessive use of force AgAinst the plAintiff without Need of provocation violAteing plAintiFFs Right under the Eight AmendmenT Deliberate indifferance Clause and the FourteenTH AmendmenT Due process clause where defendanTS personal observed and was within the immeadiate pruximity to intervene agAinst The K9 Dog FRom OVER Biting. From Deputy SeAN MAlynn Punching the plAintiff in the FACE Area Several Times with A close Fist

The Actions of The defendant Justin Tolbert in using excessive force against the plaintiff without Need or provocation violating plaintiff's Right's under the fourth Amendment To U.S. constitution were Justin Tolbert New The plaintiff Surrended and was coming out and he still Deployed His K9 unit Dog Subsequently serverly biting plaintiff's left forearm for Approximately 4-6 mintues while pulling on the Dog's Leash playing Tug-A-War punshed The plaintiff in The face knocking out a tooth and looseing (4) other Teeth The K9 unit Dog's Tooth Broke off in The plaintiff's forearm Bone.

The Actions of defendants Andrew Starr and Jerrie R. Obray Failing to intervene against Deputy Sheriff Sean Malynn and Garret M. Bechtel Employment excessive use of force Against the plaintiff with out Need of provocation violating plaintiff's Rights under the Eight Amendment deliberate indifferance clause and the fourteenth amendment Due process clause where defendants personal observed and was within the immediate proximity to intervene against the Defendants Sean Malynn and Garret m. Bechtel HAND cuffing The plaintiff so tight

pg 9 of 23

Cutting off The circulation, as The plaintiff Begged Them To loosen cuffs To Be laughed At cruel and unsai clause.

The actions of Deputy Lamara Denieing The plaintiff's Attorney / Investigator Dawn Zook To Take Photograph's of The injurys caused by Excessive force by Arresting officers/ Deputy's Violated The plaintiff's Due process Right's / Interfeared with Evidence for Court Proceeding.

The actions of Sgt. White covering up The excessive force used against The plaintiff upon Arrest and ordered That plaintiff's Attorney / Investigator Not Be Allowed To photograph The serveare Injuries caused by her Deputy's Violated The plaintiffs Due process Right's and Interfeared with Evidence For Court Proceeding.

pg 10 $\frac{of}{}$ 23

The Actions of Doctor Alexandra Failuer To prescribe medication's ordered by Hospital, failuer To Properly EVAluate The plaintiff, Re-New medications failuer To Remove staples & stiches in the Time ORDERED By The Surgent AND failuer To prescribe Anything for The Nerve DAMAge Violated The plaintiff's 8th and 14 Amendment Due process Clause, Delibrate inDifferance To Serious medical NeeDs.

The Actions of wellpAth medical Dept. FAiling to ADeucately follow These medical Sick call procedures, Not Seeing plaintiff in a proper time frame Violated The plaintiff's 8th Amendment Due process and 14th Amendment Deliberate inDifferance To Serious medical NeeDs

III. Prisoner STATUS
The plaintiff herein is a Pretrial Detainee.

pg 11 of 23

# IV. STATEMENT OF FACTS

## Deputy Zachary Hall, Illegal Search

1. This incident derived from an alleged fleeing and eluding episode that transpired on December 14, 2024 conducted by Deputy ~~Sheriff~~ Sheriff Zachary Hall.

2. On December 15, 2024 approximatelly 2:15 Am Deputy Hall surveilled plaintiff's residence and located plaintiff's motorcycle, eventhough it was fully covered and on Private Property.

3. Deputy Hall subsequently peeked into plaintiff's bedroom window and identified the plaintiff as the one who fleed on the motorcycle.

4. Deputy Hall called for Back up. There after Fifteen deputies arrived, including Two K9 units.

5. The deputies shut off plaintiff's electricity to his residence to disable his security cameras.

6. Plaintiff's front Door was breached by the deputies with No intial law enforcement identity Prior warning.

7. Consequently plaintiff fled to his bathroom and locked himself in, under the impression that he was being Home invaded.

Pg 12 of 23

\* Deputy Garret M. Bechtel use of excessive \*
Force without Need of provocation, Deputy Sean
Malynn, excessive use of Force Justin
Tolbert Failuer to intervene against excessive
Force

8. Plaintiff identified that the individuals outside of
his residence were law enforcement officers when
he opened his bathroom window and their
Sheriff's insigna.

9. Plaintiff told the officers he was coming out
and Not resisting but asked them to remove
the Dogs due to a previous K.9 Dog bite
incident that gave him PTSD.

10. Deputy Jimmy J. Iormeus affirmed to the
surrounding Deputies and K9 unit officers
that the plaintiff is surrending and is
coming out.

11. Plaintiff prepared to exit the bathroom"
saying please" please remove the dog I
Am coming out.

12. Before the plaintiff could exited the bathroom
the two K9 Deputies Deputy Justin Tolbert
and Deputy Garret m. Bechtel, and Sean
malynn kicked in the bathroom door.

13. Upon the deputies entry into the bathroom Deputy Garret M. Bechtel commanded his K9 to attack plaintiff while plaintiff held up his hands in a surrending position

14. The K-9 bite and latched on plaintiff's left forearm approximately four to six mintues while said deputies laughed.

15. Deputy Garret M. Bechtel pulled back and fourth on his k9 leash as it mauled plaintiff's forearm.

16. Subsequently, due to the tug-a-war of Deputy Garret M. Bechtel with the dog leach and the K-9 intensive it, said K9 dog tooth broke off into plaintiff's forearm Bone.

17. Plaintiff begged for mercy for them to please get the dog off him

18. Deputy Sean Malynn stepped forward and punched and kicked plaintiff in the head knocking his tooth out and unconscious.

      Deputy Jerrie R. Obray excessive use of force without need or provocation; Deputy Sean Malynn, Zachary M. Hall, Garret M. Bechtel and Andrew Starr

19. Plaintiff regain consciousness in his driveway with Handcuffs on.

20. Plaintiff begged Deputy Jesse R. Obray to loosen the handcuff because said handcuffs was unnessarily too tight on plaintiffs wrist. The Dog bitten arm that he was loosing blood, circulation and in exstreame pain.

21. Deputy Sean Malynn laughed at his plea for mercy saying "Think next time you want to run.

22. Deputy Sean Malynn, Zachary m. Hall, Garreth m. Bechtel and andrew Starr personally witnessed this episode and was within the immediate proximity to intervene but fail to Do so.

Deputy Lamara and Sgt. White violated Plaintiff's due process and access to the court by denieing him evidence.

23. Plaintiff was transported to St. mary Hospital where he underwent emergancy surgery to his left forearm ~~arm~~ and wrist on December 15, 2024.

24. Subsequently, On December 19, 2024 while Plaintiff was in the hospital, his public defender Alexandra Luce sent her investigator Dawn Zook to take pictures of Plaintiff's injuries, Sgt. White instructed Deputy Lamara to refuse to allow the investigator to take pictures of his injuries

Dr. Alexandra and WellPath Acted under deliberate indifference for failing to provide medical treatment for a serious medical need.

25. Plaintiff remain in the hospital for approximatelly one month, in which he had too surgeries on his left forearm and wrist

26. The treatement of his injuries includes a surgery removal of the Dog's tooth from his forearm bone.

27. Plaintiff's forearm required eighteen to twenty-five stiches, twenty-five metal staples and skin graft

28. Due to Deputy Sean Malynn's blows to his face and temple area, he suffered degeneration and permanent impairment of vision

29. Plaintiff predominant left hand does not properly function, two fingers do not properly open and thére is permanent nerve Damage in his left arm

30. Plaintiff was discharged from St. Mary Hospital around the first week of January 2025 and returned to the custody of The Palm Beach Sheriff's office.

31. St. Marys medical and surgery Doctors provided specific instructions for Palm Beach County Sheriff's office medical department for Plaintiff after care treatment, specifically the start of the removal process of all staples a week after Plaintiff's discharge from the hospital.

32. Approximately, a month or 45 days later Plaintiff had a medical visit with Dr. Alexandra.

33. Approxmately, a week later after seeing Dr. Alexandra, plaintiff's staples were removed

34. Due to Dr. Alexandra's failure to remove the staples from plaintiff's arm in the time ordered by the surgeon, leaving them in an extra 4-5 weeks; subsequently causing his skin to grow over the staples.

35. In addition, St. Mary's Surgeon and Doctors ordered pain medication for Plaintiff's injuries.

36. Due to Plaintiff's complaint to his Attorney concerning the Failuer to remove his Staples wellpath medical staff Discontinued his "Tylenol/ADvil" medication for pain management.

37. Plaintiff begged the wound care nurse's to request a renewel of the Tylenol/ADvil medication in which denied

## V.     INJuries

Plaintiff underwent emergancy surgery to his left Forearm and wrist, which included the surgical removal of the dog's tooth From his Forearm bone, eighteen to twenty-five stiches, Twenty-five metal Staples and a Skin graft, blows to his ▓ Face and temple area he suffered "degeneration and permanent impairment of vision, permanently disabled as his predominant left hand does not properly function two fingers do not properly open

# VI.

## Relief

Wherefore, The plaintiff request that the court grant the following relief:

A. Issue A Declaratory Judgement Stateing That:

1. The physical Abuse and excessive force to the plaintiff by Justin tolbert and Garret m. Bechtel, Sean malynn violated the plaintiff's 4, 14 and 8th Amendment to the United States constitution.

2. Defendant's, Zachary Hall, Andrew Starr, Jerrie R. Obray, Sean malynn Failuer to intervein Excessive force violated The plaintiffs 4, 14 and 8th Amendment To The constitution.

3. Defendants Deputy Sgt. white and Deputy Lamara violated the plaintiff's Due process Right by Refuseing Attorney to take photo's of injurys caused by All Defendants for court purpose's.

4. Defendant Doctor/Physician Alexandra and wellpath Failing to provide Adequate medical care for the plaintiff violated and continues to violate the plaintiff's Right under the 8th Amendment to the u.s.c.

(B) 1. Issue An injunction to wellpath medical Dept. To have the plaintiff's Dog Bite, Nerve Damage Examined by A Qualified Physician prescribe Adequate medications for injury. immediatelly Arrange for the plaintiff's Need for physical

Pg 19 OF 23

Therapy or other follow-up medical treatment to be evaluated by a specialist outside of Wellpath medical Dept. with expertise in the treatment and restoration and function of the Plaintiff's Left Hand.

2. Carry Out, without Delay the treatment directed by such medical practitioner

C. AWARD, Compensatory Damages in the following Amounts;

   1. $250,000 Jointly and severally against Defendants Justin Tolbert, Garret M. Bechtel Sean Malynn For the physical and Disability, and Emotional injuries caused by the K9 Dog, Excessive force and Beating

   2. $50,000 Jointly and severally against Defendants Wellpath medical and Doctor/physician Alexandra for physical and emotional injury resulting from their failure to provide Adequate medical care to the plaintiff for his injuries

D. AWARD Punitive Damages in the following Amounts:

   1. $150,000 each against Defendants: Justin Tolbert, Garret M. Bechtel, and Sean Malynn.

   2. $40,000 each against Defendants; Zachary M. Hall, Andrew Starr

   3. $20,000 each Against Defendants; Jerrie R. Obray Deputy Lamara and Sgt. White

4. $15,000 each against DefendanTS Physician AlexANDra, wellpAth medical Dept.

(E) GranT Such other Relief as it mAy Appear that plAintiff is EntitleD,

VII.
~~xxxx~~. Plaintiff herein Demands Jury TriaL.

VIII. Exhaustion of Administrative Remedies Administrative procedures

1. NON-Applicable for all defendanTS Except wellpAth and DocToR AlexANDrA

A. DiD your claim arise while you were confined in a JAil ☒ yes ☐ NO AT PAlm BeacH CouNTY Jail, main Detention center

B. Does The JAil have a grievANce procedure ☒ yes ☐ No

C. The grievance procedure covered The claims with DocToR AlexANDra and wellpAth Deliberate and Differance IN failuer to provide for serious medical Need,

D. I FileD a Grievance in the Jail concerning the FACTS relateing to this Complaint

E. if you did file a grievance;

1. I filed it AT: PAlm Beach County Jail main Detention Center.

2. I claimed medication WAS Stop

3. The Result "FAiluer To ResponD"

4. Filed Appeal on The Grievance Procedure FAiluer To Respond to my Grievance to get No response

F. ADDitional Information relevant to my administrative Remedies. I've sent in several Sic call REQuest But NO ANSWER.

VIIII.  Previous LAW SuiTs

1. To the best of my knowledge I have NOT hAD a case Dismissed on "three Strike rule"

A.1. I have NOT filed any other LAW SuiTs in State or federal CourT dealing with the Same facts involed in This Action.

IX. Certification and closing

under Federal Rule of Civil Procedure 11, by signing below, I certify to the Best of my knowledge, information and belief that this complaint (1) is not being presented for an improper purpose, such as, to Harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending modifying, or ~~reversing~~ reverseing existing law; (3) the Factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. I agree to provide the clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the clerk's office may result in the dismissal of my case

DATE of signing: 3/23/25

Signature of Plaintiff: _Gary R. Riess_

Printed Name of Plaintiff: GARY R. RIESS

Inmate # 0531835

Prison Address:

PALM BEACH County Jail
MAIN Detention Center
P.O. Box 24716
West PALM BEACH, FL.
33416

pg 23 of 23

3/23/25

Dear CLERK,

I have sent (3) copy's of my Amended ComplainT There is A TOTAl of (13) copy's on it's WAY will send (10) more in The Next Envelope. (11) For All DefendanTS

(1) CLERK

(1) BACK To me STAmped

Judge gAyles gAve me to 4/7/25 To Amend And I AlSo Re DiD Form for indgency. Only STAtement I HAD WAS From last montH. They will not answer my Request now as my law suit is against Them.

Thank You

Gary Riers

Ross Gary 053135
MAIN DETENTION CENTER
P.O. BOX 24716
MAIN Detention Center
P.O Box 24716
West Palm Beach, FL. 33416



PRIORITY MAIL
US POSTAGE PITNEY BOWES
ZIP 33406
02 7H
0006224336
$ 009.60⁰
MAR 24 2025

United States District Court
Southern District of Florida
office of The Clerk
299 E. Broward Blvd. Room 108
Ft. Lauderdale, FL. 33301

Legal

